**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA       :
                           :

       v.                   :          **CRIMINAL No. 04-0390**
                           :

XANG SACKSITH              :

<u>**MEMORANDUM**</u>

PRATTER, J.                                        SEPTEMBER 28, 2022

      In 2018, Congress passed the First Step Act, which opened the door for defendants serving prison sentences to seek compassionate release on their own initiative if warranted by extraordinary and compelling reasons. At the same time, the First Step Act significantly reduced the potential penalties for certain drug crimes, though Congress chose not to make these new penalties retroactive. Xang Sacksith argues that these new penalties—under which Mr. Sacksith would almost certainly have received a lesser sentence—warrant compassionate release. But while some courts agree with Mr. Sacksith, the Court of Appeals for the Third Circuit has held that the First Step Act's new penalties cannot count as an extraordinary and compelling reason for compassionate release. The Court must therefore deny Mr. Sacksith's motion.

### BACKGROUND

      In 2004, Xang Sacksith pled guilty to conspiracy to distribute MDMA, in violation of 21 U.S.C. § 846; possession with intent to distribute MDMA and methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 846(a)(1) and 18 U.S.C. § 2; and possession with intent to distribute MDMA and methamphetamine and aiding and abetting the same within a protected area, in violation of 21 U.S.C. § 860(a) and 18 U.S.C. § 2. *United States v. Sacksith*, 248 F. App'x. 430, 431 (3d Cir. 2007). Mr. Sacksith later moved to withdraw his guilty plea, but his motion was denied and Mr. Sacksith was sentenced to a mandatory life sentence. *Id.* at 433–34. Mr. Sacksith's

1

subsequent appeal and motions for postconviction relief have all been denied. *Sacksith v. Ebbert*, No. 1:CV-12-2543, 2013 WL 784883, at *2 (M.D. Pa. Jan. 23, 2013).

In 2018, Congress passed the First Step Act. The Act not only provides for reduced sentences for various drug crimes, but it created a new avenue for prisoners to file motions for compassionate relief in federal court; prior to the Act, such motions had to be made by the Director of the Bureau of Prisons. *United States v. Andrews*, 12 F.4th 255, 257–58 (3d Cir. 2021). But while the Act opened the door to prisoner-initiated motions for compassionate release, it left in place the substantive requirement that a court may only grant such a motion if it finds that a sentence reduction is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A). Typically, this includes serious medical conditions, advanced age, or family circumstances, though the Sentencing Guidelines contemplate other reasons. U.S.S.G. § 1B1.13 app. n. 1.[1]

## DISCUSSION

Mr. Sacksith contends that the First Step Act's reduced sentences for offenses such as his constitutes an "extraordinary and compelling" reason for compassionate release. Prior to the Act, a defendant like Mr. Sacksith, who was convicted of intent to distribute with two or more prior convictions for felony drug offenses, was subject to a mandatory life sentence. 21 U.S.C. § 841(b)(1)(A) (2010). The Act reduced this mandatory life sentence to 25 years. 21 U.S.C. § 841(b)(1)(A). The Act also narrowed the category of prior offenses that would trigger enhanced sentencing. Before, a prior conviction qualified if the felony was "punishable by imprisonment for more than one year." 21 U.S.C. § 802(44) (2009). Under the Act, for the prior conviction to

---

[1] U.S.S.G. § 1B1.13 governs a "motion of the Director of the Bureau of Prisons" for compassionate release and thus "is not binding on prisoner-initiated motions." *United States v. Andrews*, 12 F.4th 255, 259–60 (3d Cir. 2021). Nonetheless, this Guideline "sheds light on the meaning of extraordinary and compelling reasons." *Id.* at 260.

trigger enhanced sentencing, the defendant must have actually spent more than one year in prison for it. 21 U.S.C. § 802(57) (2018). Under this standard, Mr. Sacksith contends that only one of his prior convictions qualifies as a "serious drug felony." Having only one prior "serious drug felony" conviction would further reduce the mandatory minimum he would face under the Act to just 15 years.

But Congress did not make these new penalties retroactive. First Step Act of 2018 § 402(b), Pub. L. No. 115-391, 132 Stat. 5194, 5221. Mr. Sacksith's conviction was entered before the Act took effect, thus his sentence remains undisturbed. Nonetheless, Mr. Sacksith contends that the Court may still consider the Act's new penalties in deciding whether there exists an extraordinary and compelling reason to reduce his sentence. Several Courts of Appeals have adopted this approach. *See United States v. McCoy*, 981 F.3d 271, 285–86 (4th Cir. 2020) (finding that "district courts permissibly treated as 'extraordinary and compelling reasons' for compassionate release. . .the extent of the disparity between the defendants' sentences and those provided for under the First Step Act"); *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021) (taking into consideration the fact that the defendant would not be subject to such a long sentence under the First Step Act in granting his motion for compassionate relief). The Court of Appeals for the Third Circuit, however, has not. *See Andrews*, 12 F.4th at 261 (holding that the First Step Act's "nonretroactive changes" to mandatory minimums "cannot be a basis for compassionate release"); *accord United States v. Jarvis*, 999 F.3d 442, 443–44 (6th Cir. 2021) (finding that district courts do not have a license to "end run" around the limited "retroactivity of the First Step Act[]"); *United States v. Thacker*, 4 F.4th 569, 574–75 (7th Cir. 2021) (holding that the First Step Act's sentencing reduction alone "does not permit. . .the reduction of sentences lawfully imposed before the effective date of the First Step Act's Amendment to § 924(c)").

In *Andrews*, the defendant sought compassionate release based on the First Step Act's new penalties for firearm-related offenses. Mr. Andrews was sentenced to a 25-year mandatory minimum sentence based on a prior conviction for carrying a firearm during a drug offense. *Andrews*, 12 F.4th at 257. Under the First Step Act, the mandatory minimum sentence for Mr. Andrews' crime would have only been 7 years. *Id.*. Based on this, Mr. Andrews moved for compassionate release, citing the sentencing disparity as an extraordinary and compelling reason. *Id.* The Third Circuit rejected Mr. Andrews' argument, explaining that "[t]here is nothing extraordinary about" a lawfully-imposed sentence based on "the exact penalties that Congress prescribed" at the time of sentencing. *Id.* at 260-61 (internal quotation marks omitted). Thus, the Third Circuit held, as a matter of law, that the First Step Act's new penalties could not count as an extraordinary and compelling circumstance for compassionate release. *Id.* at 261.

Under *Andrews*, then, Mr. Sacksith cannot base his motion for compassionate release on the First Step Act's nonretroactive sentencing reductions. *United States v. Nichols*, No. 8-704-6, 2022 WL 445770, at *3 (E.D. Pa. Feb. 14, 2022); *United States v. Sainsbury*, No. 7-cr-0165-02, 2022 WL 179125, at *4 (E.D. Pa. Jan. 20, 2022). Nor do any of Mr. Sacksith's other grounds for compassionate release constitute extraordinary or compelling reasons. He relies on the First Step Act's retroactive sentencing reductions under § 404(b). But his reliance on these sentencing reductions is inapposite, because that section only applies to crack cocaine offenses, whereas Mr. Sacksith's convictions involved MDMA and methamphetamine. *Concepcion v. United States*, 142 S. Ct. 2389, 2396–97 (2022). And the fact that Mr. Sacksith was only 29 at the time of his offenses is also not an extraordinary and compelling reason. *See Andrews*, 12 F.4th at 252 (finding no extraordinary and compelling reason where the defendant was 19 at the time of the offenses).

4

CONCLUSION

In this Circuit, the First Step Act's sentencing reductions cannot count as an extraordinary and compelling reason for compassionate release.  Because the other reasons that Mr. Sacksith provides are also not extraordinary or compelling, a sentence reduction is not warranted, and the Court therefore must deny Mr. Sacksith's motion for compassionate release. An appropriate order follows.

BY THE COURT:

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**