IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | |
| XANG SACKSITH | NO. 04-390-01 |

## MEMORANDUM OPINION

In December 2004, Xang Sacksith pled guilty to conspiracy to distribute MDMA, 21 U.S.C. § 846; possession with intent to distribute MDMA and methamphetamine and aiding and abetting, 21 U.S.C. § 846(a)(1) and 18 U.S.C. § 2; and possession with intent to distribute MDMA and methamphetamine and aiding and abetting the same within a protected area, 21 U.S.C. § 860(a) and 18 U.S.C. § 2.  Because he had two prior felony drug convictions, the law at that time required a mandatory minimum sentence of life imprisonment without release for these charges.  *See* 21 U.S.C. § 841(b)(1)(A) (2002).  Sacksith was so sentenced, and he has now spent approximately 20 years behind bars.

In the years since, Congress has rolled back the mandatory minimum sentences on some drug offenses, including the offenses to which Sacksith pled guilty.  As applicable here, the First Step Act, Pub. L. 115-391, 132 Stat. 5222 (2018), reduced the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) from life imprisonment to a term of 25 years, and the government agrees that this lower sentence would apply to Sacksith if he was sentenced today. But, Congress did not make that amendment retroactive, and so the First Step Act itself does not affect the sentences of a defendant sentenced under the old regime.  *See United States v. Aviles*, 939 F.3d 503, 510 (3d Cir. 2019).

Sacksith, proceeding *pro se*, now moves for a reduction in his sentence pursuant to the

1

compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i).  That statute authorizes district courts to modify an imposed term of imprisonment upon a finding that "extraordinary and compelling reasons warrant such a reduction."  *Id.*  Congress did not define "extraordinary and compelling reasons," instead instructing the U.S. Sentencing Commission to do so.  28 U.S.C. § 994(t).  Consistent with this direction, the Sentencing Commission recently promulgated a revised policy statement which states that a defendant's "unusually long sentence" that is grossly disproportionate to a "sentence likely to be imposed at the time the motion is filed" is a basis for compassionate release.  U.S.S.G. § 1B1.13(b)(6).  Sacksith seeks application of this policy statement to his case, arguing that his sentence of life imprisonment is both unusually long and disproportionately to the sentence that would be imposed on a similarly situated defendant today.

   Binding precedent forecloses application of the Sentencing Commission policy statement to Sacksith's case.  Specifically, in *United States v. Andrews*, the Third Circuit held that "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance" warranting compassionate release.  12 F.4th 255, 260-61 (3d Cir. 2021).  As this Court recently explained, this decision "remains binding law in this circuit, and it forecloses [the defendant's] argument that he is eligible for compassionate release pursuant to Section 1B1.13(b)(6) of the Sentencing Commission's revised policy statement."  *United States v. Carter*, --- F.Supp.3d ----, 2024 WL 136777, at *6 (E.D. Pa. Jan. 12, 2024) (Beetlestone, J.).

> As explained, Section 1B1.13(b)(6) states that an "unusually long sentence" may be deemed an "extraordinary and compelling reason" warranting compassionate release, provided that the defendant has served at least 10 years of their term of incarceration, and that a non-retroactive change in the law has produced a "gross disparity" between the sentences of otherwise similarly situated individuals. U.S.S.G. § 1B1.13(b)(6).  That provision—which indisputably covers [the defendant] and others in his position—is incompatible with *Andrews*'s interpretation of the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i), and its holding that "the duration of [a defendant's] sentence and the

2

nonretroactive changes to mandatory minimums" is not one of the "extraordinary and compelling reasons" described by the statute. *Andrews*, 12 F.4th at 260.

*Id.* "Unless and until any reconsideration of *Andrews* takes place or it is abrogated by a Supreme Court decision," *id.* at *5, Section 1B1.13(b)(6) may not serve as the basis for the sort of compassionate release requested here.

Sacksith further argues that the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of reducing his sentence. But even if true, those factors are only relevant once a defendant has satisfied the "threshold question" of whether there are "'extraordinary and compelling' reasons for release." *United States v. Stewart*, 86 F.4th 532, 535 (3d Cir. 2023). Here, where "extraordinary and compelling reasons" for compassionate release—at least as defined by Third Circuit precedent—do not exist, Sacksith is not entitled to relief.[1]

An appropriate order follows.

BY THE COURT:

*/s/ Wendy Beetlestone*
_____
**WENDY BEETLESTONE, J.**

---

[1] In addition to his motion for compassionate release, Sacksith also moves for reconsideration of the Court's prior order denying his motion for a reduced sentence, *see United States v. Sacksith*, 2022 WL 4542109 (E.D. Pa. Sept. 28, 2022), pursuant to Federal Rule of Civil Procedure Rule 60(b). This motion presses the same arguments has his motion for compassionate release, and for the same reason will be denied.